UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Gilberto Ramirez,<br>    *Petitioner*,<br><br>        v.<br><br>United States of America,<br>    *Respondent.* | Civil No. 3:08cv1965 (JBA)<br>Criminal No. 3:08cr40 (JBA)<br><br><br>September 15, 2009 |

RULING ON PETITIONER'S MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE [Doc. # 1]

Petitioner Gilberto Ramirez pled guilty on May 1, 2008 to one count of possession with the intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). On August 13, 2008, the Court sentenced him to a term of imprisonment of 60 months, which is the statutory mandatory minimum. *See* 21 U.S.C. § 841(b)(1)(B); *see also* Judgment [Doc. # 20]. Mr. Ramirez did not appeal the conviction, but has now filed a motion pursuant to 28 U.S.C. § 2255 in which he argues that the Court should sentence him to a lower range under Section 5K2.20 of the U.S. Sentencing Guidelines, which permits downward departures in certain "exceptional case[s]" where the defendant's "single criminal occurrence" or "transaction" "represents a marked deviation by the defendant from an otherwise law-abiding life."

Mr. Ramirez's motion must be denied because the Court sentenced him to the statutory mandatory minimum, and had no discretion to sentence him to a lower range under Section 5K2.20. Except in circumstances not at issue here,[1] the Court may not depart downward from a statutorily-imposed mandatory minimum sentence. *See, e.g.*, *United States v. Sharpley*, 399 F.3d 123, 127 (2d Cir. 2005) (explaining that while "[*United States v.*] *Booker*[, 543 U.S. 220 (2005)] makes the Guidelines advisory in nature," even after *Booker*, district courts remain "bounded by any applicable statutory minimum and maximum," and holding that where sentence was set "in accordance with [a] statutory mandatory minimum, . . . any reduction in the calculated Guidelines range could not reduce [the] actual sentence").

For the foregoing reasons, Mr. Ramirez's Motion to Vacate, Set Aside, or Correct Sentence [Doc. # 1] is DENIED. The Clerk is directed to close this case.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 15th day of September, 2009.

---

[1] The court may depart below the mandatory minimum sentence at 21 U.S.C. § 841(b)(1)(B) if the defendant qualifies for a "safety valve" reduction under 18 U.S.C. § 3553(f). However, at his sentencing hearing counsel for Mr. Ramirez stated that "the statutory mandatory minimum of 60 months . . . applies in this case," and agreed with the Court that Mr. Ramirez was not seeking a "safety valve" reduction from that statutory mandatory minimum.